**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CHRISTOPHER GENE LYMAN; JESSICA HELEN O'DANIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>SAXON MORTGAGE SERVICES, INC.; OCWEN LOAN SERVICING, LLC; FIRST NLC FINANCIAL SERVICES, LLC; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>_____/ | No. 1:11-CV-00433 NJV<br><br>ORDER RE APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

Plaintiffs seek leave of court to file a motion for reconsideration of the court's order of May 15, 2012, dismissing with prejudice their fourth claim for relief based on promissory estoppel. (Docket no. 125.) Plaintiffs allege the existence of newly discovered evidence in the form of an executed copy of the Trial Modification Agreement, which was not available to Plaintiffs at the time of the court's order.

Plaintiffs contend that this newly-discovered evidence is relevant to both their motion for reconsideration of the court's order dismissing their promissory estoppel claim, and their pending motion for leave to file a third amended complaint. They argue that the same document supports both a claim for breach of contract and a claim for promissory estoppel, as the executed contract constitutes a clear and unambiguous promise in support of these claims. It was this element that the court found missing when it dismissed the promissory estoppel claim. (Docket no. 103.)

Local Civil Rule 7-9 (b) requires in part that a party moving for leave to file a motion for reconsideration based on a material difference in fact from what was previously presented to the

court, show that "in the exercise of reasonable diligence" the party did not know of such fact at the time of the previous order. In this case, Plaintiffs simply state that the Trial Modification Agreement "was not available" to them at the time of the May 15, 2012 order. The court finds this explanation insufficient to support an application for leave to file a motion for reconsideration.

Accordingly, the court HEREBY GRANTS Plaintiffs fourteen (14) days from the date of entry of this order within which to file a supplementary brief with an appropriate declaration made under penalty of perjury, providing the information required by Local Civil Rule 7-9 (b).

IT IS SO ORDERED.

Dated: February 19, 2013

NANDOR J. VADAS
United States Magistrate Judge