**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CHRISTOPHER GENE LYMAN and JESSICA HELEN O'DANIEL,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAXON MORTGAGE SERVICES, INC.; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., a Delaware corporation; XZVR, Inc., a California Corporation; WESTERN PROGRESSIVE, LLC, a Delaware limited liability company; DEUTSCHE BANK NATIONAL TRUST COMPANY, a Tennessee corporation; IXIS REAL ESTATE CAPITAL TRUST 2005-HE-3,<br><br>    Defendants.<br>_____/ | No. 1:11-CV-00433 NJV<br><br>ORDER RE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT;<br>ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE<br><br>(Docket No. 152.) |

On March 21, 2013, the court entered an Order Granting Application for Leave to File Motion for Reconsideration, Granting Reconsideration, and Granting Motion for Leave to Amend Third Amended Complaint. (Doc. 148.) The court held in part, "Plaintiffs are granted fourteen (14) days to file a Fourth Amended Complaint, differing from the Third Amended Complaint only by the reassertion of a claim for relief based on promissory estoppel and the claim for relief based on breach of contract set forth in the Proposed Fourth Amended Complaint submitted by Plaintiffs." *Id*. at 9:3-6.

Plaintiffs filed their Fourth Amended Complaint on April 4, 2013. (Doc. 150.) On April 18, 2013, Defendant Saxon Mortgage Services, Inc. ("Saxon") filed an Answer to the Fourth Amended

Complaint. (Doc. 154.) Also on April 18, 2013, Defendants Ocwen Loan Servicing, LLC ("Ocwen"); Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2005-HE3 Mortgage Pass Through Certificates, Series 2005-HE3; Deutsche Bank National Trust Company, as Trustees for IXIS Real Estate Capital Trust 2005-HE 3 Mortgage Pass Through Certificates, Series 2005-HE3 (collectively "Deutsche Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Western Progressive, LLC ("Western Progressive") (collectively "Ocwen Defendants") filed the pending Motion to Dismiss Plaintiffs' Fourth Amended Complaint. (Docket no. 152.) The Motion is made pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[1]

Pursuant to court order, Plaintiffs filed a Supplemental Fourth Amended Complaint on May 6, 2013, attaching an exhibit which had been omitted from the original Fourth Amended Complaint. (Docket no. 159.) Plaintiffs filed a Reply to the Ocwen Defendants' Motion to Dismiss on May 9, 2013. (Docket no. 160.) The court took the matter under submission on the papers on May 28, 2013. (Docket no. 162.) As set forth below, the court grants the Motion to Dismiss in part and denies it in part.

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the

---

[1] Throughout their Opposition, Plaintiffs refer to "the Motion to Strike." No motion to strike is pending before the court.

2

plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

The facts of this case and the arguments regarding Plaintiffs' claims are well-known by the parties and have been repeatedly reviewed by this court. A detailed repetition here is unnecessary. The court has carefully reviewed all of the parties' arguments regarding the pending Motion to Dismiss. Based on the court's previous rulings as well as the arguments presented here, the court finds as follows.

First Claim for Relief

Plaintiffs' first claim for relief asserts a breach of contract claim against Ocwen, Deutsche, IXIS Real Estate Capital Trust 2005, and MERS. The court finds meritorious Ocwen Defendants' contention that the first claim for relief fails to state a claim on which relief can be granted as to Ocwen and MERS because that they were not signatories to the loan modification agreement. The court further finds meritorious Ocwen Defendants' contention that Plaintiffs admit that the explicit condition precedent that a fully executed agreement be received by Plaintiffs from the lender was not met, thus preventing the formation of a contract. Therefore, the first claim for relief fails to state a claim on which relief can be granted on that ground also. Accordingly, Plaintiffs' first claim for relief will be dismissed with prejudice against all named Defendants.

Second Claim for Relief

Plaintiffs' second claim for relief asserts a claim for promissory estoppel against MERS and Western Progressive. The court previously dismissed with prejudice this same claim, asserted against the same Defendants, in its order ruling on Ocwen Defendants' Motion to Dismiss the Third Amended Complaint. (Docket no. 103.) The court, having rejected Plaintiffs' breach of contract claim, finds no basis for Plaintiffs' attempt to reassert their promissory estoppel claim. The court will therefore again dismiss this claim with prejudice.

3

Third Claim for Relief

 Plaintiffs' third claim for relief asserts an equitable estoppel claim against MERS, Western Progressive, Deutsche and IXIS. The court previously rejected Ocwen Defendants' Motion to Dismiss as to this claim for relief in the context of the Third Amended Complaint. (Docket no. 103, 5:9-7:18 .) Ocwen Defendants now raise a new argument that Plaintiffs have not alleged the elements of an equitable estoppel claim against the named Defendants. The court finds that argument meritorious as to some of the Defendants and finds that the third claim for relief fails to state a claim on which relief can be granted as to Defendants MERS and Western Progressive. It will therefore dismiss this claim with prejudice as to those two Defendants. The court does not find Ocwen Defendants' argument meritorious as to the other two named Defendants.

 In light of the foregoing, IT IS HEREBY ORDERED as follows:

1) Ocwen Defendants' Motion to Dismiss is GRANTED as to the first and second claims for relief set forth in the Supplemental Fourth Amended Complaint.

2) The first and second claims for relief set forth in the Supplemental Fourth Amended Complaint are HEREBY DISMISSED with prejudice.

3) Ocwen Defendants' Motion to Dismiss is GRANTED as to the third claim for relief set forth in the Supplemental Fourth Amended Complaint only as to Defendants MERS and Western Progressive.

4) The third claim for relief set forth in the Supplemental Fourth Amended Complaint is HEREBY DISMISSED with prejudice as to Defendants MERS and Western Progressive.

5) Ocwen Defendants' Motion to Dismiss is DENIED as to the third claim for relief set forth in the Supplemental Fourth Amended Complaint only as to Defendants Deutsche and IXIS.

6) This action shall proceed on third, fourth, fifth, and sixth claims for relief set forth in the Supplemental Fourth Amended Complaint, with the third claim for relief limited to Defendants Deutsche and IXIS only.

7) Ocwen Defendants' Request for Judicial Notice filed in support of their Motion to Dismiss is HEREBY GRANTED.

4

8) The court previously ordered the parties to file a Joint Further Case Management Statement fourteen (14) days after either the filing of an Answer by Defendants or the resolution of a Motion to Dismiss. (Docket no. 148, 9:14-16.) Accordingly, the parties shall file their joint further case management statement no later than June 13, 2013.

9) This case is set for a telephonic further case management conference on June 18, 2013, at 2:00 pm. The parties shall dial 888-684-8852 and enter access code 1868782.

Dated: May 30, 2013

_____

NANDOR J. VADAS
United States Magistrate Judge